Arguments—Opinion of the Court. [66 Pa. Superior Ct.

*Max Herzberg,* for appellee.—Where neither the borrower or the association have made any effort to effectuate applications of payment on stock to the debt, such a question cannot be raised by a stranger : Spring Garden Association v. Tradesmen's Loan Association, 46 Pa. 493 ; Freemansburg Building and Loan Association v. Watts, 199 Pa. 221 ; North American Building Association v. Sutton, 35 Pa. 463 ; Link v. Germantown Building Association, 89 Pa. 15 ; Watkins v. Workingmen's Building and Loan Association, 97 Pa. 514 ; Economy Building Association v. Hungerbuehler, 93 Pa. 258.

PER CURIAM, March 16, 1917 :

The only assignment presented is that the court erred in discharging the appellant's rule for judgment on the appellee's answer to interrogatories.

The opinion filed by AUDENRIED, J., is a convincing answer to the appellant's argument, and for the reasons given in discharging the rule, the judgment is affirmed.

---

# Maguire *v.* Philadelphia, Appellant.

*Municipalities—Contracts—Removal of garbage.*

Where a contract between the City of Philadelphia and a contractor for the removal of garbage provides that in case of default the Director of Public Works may "proceed to do such neglected work in the manner set forth" in the specifications annexed to the contract, the Director of Public Works has authority in an emergent condition resulting from a default on such contract, orally to contract with another party to do the emergent work for two days, and if this work has been properly done and the charges are fair, the person doing it may recover the value thereof from the city.

Argued Dec. 15, 1916. Appeal, No. 347, Oct. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1915, No. 212, on verdict for plaintiff in case of Frank Maguire and Harry V. Warren,

trading as Maguire & Warren to the use of Matthew A. Ferris, v. City of Philadelphia.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover work done in removal of garbage. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $550.62.   Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Frederick Beyer,* with him *Albert S. Henry,* Assistant City Solicitors; and *John P. Connelly,* City Solicitor, for appellant.—The contract was invalid under the Act of June 1, 1885, P. L. 37: Hepburn v. Philadelphia, 149 Pa. 335; Malone v. Philadelphia, 147 Pa. 416; Smith v. Philadelphia, 227 Pa. 423; Smart v. Philadelphia, 205 Pa. 329; Erie v. Moody, 176 Pa. 478.

The learned trial judge and counsel for plaintiff below have fallen into the error of reasoning that because the city had entered into a prior written contract with the American Product Company, that by its terms, when cancelled, there remained the power in the hands of the Director of Public Works to carry on its provisions with new contractors without observing the fundamental law that all contracts must be in writing: Hinkle v. Philadelphia, 214 Pa. 126; Press Pub. Co. v. Pittsburgh, 207 Pa. 623.

*E. W. Kirby,* of *Morris & Kirby,* for appellees.—The work done by appellees was under and pursuant to the specifically authorized terms and provisions of the contract with the product company: Armstrong v. Philadelphia, 249 Pa. 39.

The work done by the plaintiffs under the orders of the director was emergency work: Koch v. Oil City, 47 Pa. Superior Ct. 248.

OPINION BY ORLADY, P. J., March 16, 1917:

The City of Philadelphia entered into a contract in writing, with the American Product Company, for the removal of garbage in certain districts. On October 1, 1913, the city, through Morris L. Cook, director of the Department of Public Works, for reasons, which are conceded to have been sufficient, cancelled the contract with the American Product Company, and it is agreed by counsel that the only part of that contract material to the present issue, is in the following clause: "and upon the failure of the said party of the second part to comply with any of the terms of this agreement, and to do all work coming within the limits of the specifications hereto attached, then the said director may, upon 48 hours' notice, declare this contract forfeited, or shall proceed to do such neglected work in the manner set forth in the specifications."

As the matter then stood, an emergent condition was presented, and the director having in charge that branch of the administration of the city's affairs was obliged to take prompt action in order to conserve the health and safety of the public. The accumulation of waste, refuse and garbage, which under the contract was to be lifted and removed by the contractors, was hourly increasing, and the risk incident to such a condition was apparent. Not only unsightliness and physical discomfort was developed by the collection of such material on the streets, lanes and alleys, but an added and imperious risk of disease, and contagion was presented which required immediate and efficient relief.

Section 1, of Article XIV, of the Act of June 1, 1885, P. L. 37, provides that, "All contracts relating to city affairs shall be in writing, signed and executed in the name of the city by the officer authorized to make the

same." It has been held that this clause is not merely directory, but is mandatory, and unless evidence is produced showing a strict compliance with its provision there can be no recovery against the city for work done or materials furnished. To hold otherwise would defeat every object that the legislature had in view in thus specifically describing the manner in which all contracts relating to city affairs shall be executed, and expose the public funds to raids of every conceivable form: Malone v. Philadelphia, 147 Pa. 416; Hepburn v. Philadelphia, 149 Pa. 335; Smith v. Philadelphia, 227 Pa. 423.

The force and effect of these decisions, is not challenged but the present case presents an entirely different proposition. By the contract with the American Product Company, under the clause above quoted, the director on default being made, was authorized to "proceed to do such neglected work in the manner set forth in the said specifications" and when this unexpected crisis was presented, the director executed the authority given to him by this clause and proceeded to have the legal plaintiffs do the neglected work in the manner set forth in the specifications. It is to recover for the services rendered by men and teams in this emergent work for two days, aggregating $485, that this suit is brought.

The person directing the work to be done spoke for the director, and his orders were approved, "to go out and collect the garbage the same as had been done under the contract with the American Product Company, and present the bill to the city."

It is admitted that the work was properly done, that the charges were fair, that the plaintiffs acted under the direction of the head of the department which had this work in charge, and that the plaintiffs have not been paid.

After October 2d, another contract was made with a reduction company to take care of the work under the American Product Company contract for the balance of the year, and in proceeding to do the neglected work the

director acted within the terms of that contract, the city being liable in the first instance to these plaintiffs for the services they rendered: Koch v. Oil City, 47 Pa. Superior Ct. 248.

The situation presented an emergent necessity, which the director was obliged to take care of and it was adjusted in the interest of the city. The court refused a motion for a nonsuit at the instance of the city and directed the jury as follows: "The only defense in this matter is a technical one, and a technical one which I do not think is well taken. It is admitted that the work was done, and that the prices charged are legitimate. And it is quite obvious that the work was one of public necessity, involving public health. Unless this garbage had been collected on that day and was kept collected right along, unless the law permitted that we would be in a pretty state of affairs. I direct you to find a verdict for the plaintiff for the amount to be handed to you."

The judgment is affirmed.